IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| JACOB LINDLEY, | : | CASE NO.  3:18-cv-00080 |
| and | : | |
| RUSSELL LINDLEY, | : | **COMPLAINT** |
| Plaintiffs, | : | **WITH JURY DEMAND** |
| v. | : | |
| NAVIENT SOLUTIONS, LLC. | : | |
| Defendant. | : | |

_____

Now comes Plaintiffs Jacob Lindley and Russell Lindley (jointly, "Plaintiffs") by and through their attorneys for their Complaint against Defendant Navient Solutions, LLC, and states as follows:

I.  **INTRODUCTION AND PARTIES**

1. Plaintiff Jacob Lindley is an Ohio resident who resides at 325 Hickory Street, Dayton, OH 45410.  Plaintiff Jacob Lindley is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ohio Revised Code § 1345.01(D).  Plaintiff Jacob Lindley is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2. Plaintiff Russell Lindley is an Alabama resident who resides at 7328 Cypress Avenue, Daphne, AL 36526.  Plaintiff Russell Lindley is a "consumer" as that term is

1

defined by 15 U.S.C. § 1692a(3) and Ohio Revised Code § 1345.01(D). Plaintiff Russell Lindley is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3. Defendant Navient Solutions, LLC ("Navient Solutions") is Delaware limited liability with its principle place of business located at 2001 Edmund Halley Drive, Reston, VA 20191. Navient Solutions is registered to do business in Ohio and regularly conducts business in Montgomery County, Ohio. Navient Solutions is and at all relevant times was a "person" as that term is defined by 47 U.S.C. § 153(39) and a "supplier" as that term is defined by Ohio Revised Code § 1345.01(C).

4. Plaintiffs seek to recover their damages (actual, statutory, treble, and punitive), and attorney's fees associated with this action based on violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. and the Ohio Consumer Sales Practices Act ("CPA"), Ohio Revised Code § 1345 et seq. that occurred during Navient Solution's debt collection efforts against Plaintiffs.

5. As detailed throughout this Complaint, Navient Solutions (among other things) willfully violated the TCPA and Ohio CPA by calling Plaintiffs on their cellular telephone using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without Plaintiffs' "prior express consent" as required under the TCPA. As a result of Navient Solutions' knowing and/or willful violations of the TCPA and Ohio CPA, Plaintiffs' are entitled up to $1,500.00 for each and every call made by Navient Solutions that violated the TCPA, and up to $200.00 and their reasonable attorney's fees for each and every call made by Navient Solutions that violated the Ohio CPA.

**II.        VENUE AND JURISDICTION**

6. Venue is appropriate in this District Court under 28 U.S.C. § 1391(b) because (i) a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, and (ii) this is the District in which Plaintiff Jacob Lindley resides.

7. Navient Solutions engaged in business in this District and engaged in tortious acts or omissions within this District, and has otherwise made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

8. Jurisdiction in this case is proper under 47 U.S.C. § 227 and 28 U.S.C. § 1331, which grant the District Court jurisdiction to hear this action without regard to the amount in controversy.

**III.       FACTUAL BACKGROUND**

9. Plaintiffs purportedly entered into certain student loan agreements with Navient Solutions.

10. In 2016, Navient Solutions began debt collection efforts against Plaintiffs. As part of those efforts, Navient Solutions began making repeated collection calls to Plaintiffs' cellular phones. Upon information and belief, due to the frequency and number of calls Navient made to Plaintiffs' cellular phones. Navient Solutions used an automatic telephone dialing system to make the calls to Plaintiffs' cellular phone.

11. Navient Solutions also repeatedly left messages on Plaintiffs' cellular phone. Based upon information and belief, due to the similarities in both the content and tone of voice of the messages, Navient was leaving prerecorded messages on Plaintiffs' cellular phone.

12. On October 17, 2016 at approximately 1 p.m., after still receiving repeated telephone calls and prerecorded messages on his cellular phone from Navient Solutions,

Plaintiff Jacob Lindley called Navient solutions and spoke with an individual named Daniel (last name unknown). During that phone call, Plaintiff Jacob Lindley verbally instructed Navient Solutions to stop making calls to his cellular phone number, and asked them to correspond with him only writing.

13. On October 17, 2016 at approximately 3:40 p.m., after still receiving repeated telephone calls and prerecorded messages on his cellular phone from Navient Solutions, Plaintiff Russell Lindley called Navient solutions and spoke with an individual named Daniel (last name unknown). During that phone call, Plaintiff Russell Lindley verbally instructed Navient Solutions to stop making calls to his cellular phone number, and asked them to correspond with him only writing.

14. Despite Plaintiffs' verbal instructions denying Navient Solutions consent to make calls to their cellular phone numbers, Navient Solutions continued to make repeated calls to Plaintiffs' cell phones using an automated dialing system.

15. Since October 17, 2016, Navient Solutions has used an automated dialing system to contact Plaintiffs on their cellular phones more than 100 times without their "prior express consent."

16. To the extent Plaintiffs ever provided Navient Solutions or any of its debt collectors with any prior express consent under the TCPA, based on the express instructions and statements made by Plaintiffs during their October 17, 2016 telephone calls with Navient Solutions, Plaintiffs effectively revoked any purported "prior express consent" under the TCPA to receive automated calls and/or an artificial or prerecorded voice messages made by Navient Solutions to their cellular telephones. Any subsequent automated calls and/or an artificial or

prerecorded voice messages made to their cellular telephones arising out of their relationship with Navient Solutions constitute knowing and willful violations of TCPA.

## FIRST CLAIM FOR RELIEF
## TELEPHONE CONSUMER PROTECTION ACT
**(Violation of 47 U.S.C. § 227 By Navient Solutions)**

17. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of TCPA prohibits the use of automated telephone equipment and/or an artificial or prerecorded voice to call any cellular telephone in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

19. According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated and/or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.[1]

20. All telephone contact by Navient Solutions to Plaintiffs on their cellular telephones forming the basis for this Complaint occurred via an "automatic telephone dialing

---

[1] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

21. The telephone number that Navient Solutions used to contact Plaintiffs was assigned to cellular telephone services as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

22. Navient Solutions did not make telephone calls to Plaintiffs' cellular telephone "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

23. Under the TCPA, automated and/or prerecorded message calls to a cellular telephone number by (or on behalf of) are permitted only if the calls are made with the "prior express consent" of the called party. Plaintiffs did not provide "prior express consent" under the TCPA to receive the automated calls and/or prerecorded messages made by Navient Solutions to their cellular telephones.

24. Navient Solutions did not obtain the required "prior express consent" under the TCPA to make such automated and/or prerecorded message calls because Plaintiffs expressly revoked (orally) any purported prior express consent under the TCPA.

25. The TCPA prohibits Navient Solutions from, among other things, making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

26. The TCPA further provides that a party may bring an action to seek injunctive relief, and to recover actual monetary loss or to receive $500 in statutory damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3). Treble damages are also available to parties for knowing or willful violations. Id.

27. Upon information and belief, Navient Solutions violated the TCPA by contacting Plaintiffs on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as defined in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA. In so doing, Navient Solutions has systematically violated the TCPA entitling Plaintiffs up to $1,500.00 in statutory damages for each call made by Navient Solutions in violation of the TCPA.

28. Upon information and belief, Navient Solutions uses automated automatic telephone dialing systems as part of their regular debt collection activities, and used such systems when calling Plaintiffs' cellular telephone as outlined in this Complaint.

29. Upon information and belief, Navient Solutions repeatedly violated 47 U.S.C. § 227(b)(1)(A)(iii) by making over a hundred of collection calls to Plaintiffs' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice message without their prior express consent under the TCPA.

30. As detailed throughout this Complaint, Plaintiffs revoked any purported prior consent for Navient Solutions to make such collection calls. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255 (11th Cir. 2014) (holding that prior consent under 47 U.S.C. § 227(b)(1)(A)(iii) may be revoked orally; noting "that allowing consent to be revoked orally is consistent with the 'government interest articulated in the legislative history of the Act [that] enabl[es] the recipient to contact the caller to stop future calls.'"); In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection 30 FCC Rcd. 7961, 7996 ¶¶47, 64 ("[A] called party may revoke consent at any time and through any reasonable means. A caller may not limit the manner in which revocation may occur. Moreover, we emphasize that

regardless of the means by which a caller obtains consent, under longstanding Commission precedent, if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent. . . . Consumers have a right to revoke consent, using any reasonable method including orally or in writing.").

31. As a direct and proximate result of Navient Solutions' refusal to comply with its TCPA obligations, Plaintiffs have suffered substantial damages entitling them to an award of actual damages in amounts to be proved at trial or statutory damages of $500 for each violation of the TCPA, whichever is greater.

32. Navient's complete and utter indifference of its obligations under the TCPA reveals a conscious disregard of the rights of Plaintiffs, and the injuries suffered by them are the result of Navient's willful or knowing violations of the TCPA entitling Plaintiffs to treble damages of $1,500 for each and every unlawful call pursuant to 47 U.S.C. § 227(b). King v. Time Warner Cable, Inc., No. 1:14-cv-02018, 2015 U.S. Dist. LEXIS 88044 (S.D.N.Y July 7, 2015) (granting plaintiff's motion for summary judgment; awarding plaintiff $229,500 in treble damages under the TCPA based on 153 calls to plaintiff's cellular telephone where Time Warner used an automatic telephone dialing system and/or a prerecorded voice to make the collection calls; finding Time Warner's conduct "particularly egregious" because it continued making the collection calls even after Plaintiff complained about the collection calls in a seven-minute phone conversation with a Time Warner representative).

33. As a direct and proximate result of Navient Solutions' conduct, Plaintiffs have been damaged in an amount to be determined by the Court.

**SECOND CLAIM FOR RELIEF**
**OHIO CONSUMER SALES PRACTICES ACT**
**(Violation of Ohio Revised Code § 1345.02 and § 1345.03 By Navient Solutions)**

34. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Navient Solutions is a "supplier" under the Ohio CPA.

36. The Ohio CPA prohibits suppliers such as Navient Solutions from "commit[ting] unfair or deceptive practice[s]" or "unconscionable act[s] or practice[s] in connection with a consumer transaction." Ohio Rev. Code § 1345.02 and § 1345.03.

37. Under Ohio law, violations of the TCPA are also violations of the Ohio CPA. Charvat v. GVN Michigan, Inc., 531 F.Supp.2d 922, 927-29 (S.D. Ohio 2008) (finding plaintiff could recover statutory damages under both the TCPA and the Ohio CPA for each unlawful call made to plaintiff).

38. Navient Solutions violated Ohio Revised Code § 1345.02 and § 1345.03 by, among other things, violating the TCPA as outlined throughout this Complaint.

39. As a direct and proximate result of Navient Solutions' violations of the Ohio CPA, Plaintiffs suffered damages in an amount to be determined by the Court.

40. Plaintiffs also are entitled to their attorney fees associated with this litigation under Ohio Rev. Code § 1345.09(F) based on Navient Solutions' violations of the Ohio CPA.

WHEREFORE, Plaintiffs ask this Court to enter judgment in their favor as follows:

A. Award Plaintiffs actual damages pursuant to 47 U.S.C. § 227 and Ohio Rev. Code Chapter 1345 in an amount to be determined at trial;

B. Award Plaintiffs statutory damages as provided for by 47 U.S.C. § 227(b)(3) and Ohio Rev. Code Chapter 1345;

C. Award Plaintiffs treble damages as provided for by 47 U.S.C. § 227(b) and Ohio Rev. Code Chapter 1345;

D. Award Plaintiffs reasonable attorneys' fees as provided for by Ohio Rev. Code § 1345;

E. Award Plaintiffs costs associated with this action under Fed. R. Civ. P. 54(d);

F. Issue a permanent injunction prohibiting Navient Solutions from placing non-emergency calls to the cellular telephones of Plaintiffs using an automatic telephone dialing system and/or pre-recorded or artificial voice message as provided for by 47 U.S.C. § 227(b)(3);

G. Award Plaintiffs pre-judgment and post-judgment interest; and

H. Award Plaintiffs such other and further relief as this Court deems necessary.

Respectfully submitted,

*/s/ Adam V. Sadlowski*
Adam V. Sadlowski (0079582)
Cori R. Besse, Trial Attorney (0081447)
SADLOWSKI & BESSE L.L.C.
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Tel:  (513) 618-6595
Fax: (513) 618-6442
asadlowski@sb-lawyers.com
cbesse@sb-lawyers.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all triable issues.

*/s/ Adam V. Sadlowski*
Adam V. Sadlowski